UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JERIEL DERRICK WADSWORTH II,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DETROIT et al.,<br><br>Defendants. | Case No. 26-13436<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FILING FEE AND COSTS [2] AND SUMMARILY DISMISSING COMPLAINT [1]**

Jeriel Derrick Wadworth II filed this *pro se* lawsuit against the City of Detroit alleging that the City and numerous police officers violated his constitutional rights. (*See* ECF No. 1.) From 2021–2023, Wadworth was issued several misdemeanor citations for not having an operator's license on his person, loitering/trespassing, disguising with intent to intimidate, disobeying an officer's lawful order, and entering a vacant building without authorization. (*Id.* at PageID.2–4.) He says officers issued these citations without probable cause, resulting in bench warrants and a $50 warrant fee. (*Id.*) All of this, he believes, amounts to malicious prosecution (counts 1, 4), First Amendment retaliation (count 2), municipal liability (count 3), and common-law abuse of process (count 5). (*Id.* at PageID.4–6.) He seeks compensatory and punitive damages, as well as costs and interest. (*Id.* at PageID.6.)

Along with his complaint, Wadsworth filed an application to proceed without prepayment of the filing fee or costs. (ECF No. 2.) For the reasons that follow, the Court GRANTS that application and SUMMARILY DISMISSES his complaint.

**I.**

Wadsworth alleges that he has no income and no assets. (ECF No. 2.) Thus, the Court finds that he has made the required showing of indigence, *see* 28 U.S.C. § 1915(a)(1), and grants his application to proceed without prepayment of fees or costs (ECF No. 2).

As a result, the Court has an additional responsibility under 28 U.S.C. § 1915: it must screen Wadsworth's complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

While a *pro se* litigant's complaint must be construed "liberally," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court's leniency is "not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II.

### A. Malicious Prosecution (Federal Claim)

For a malicious-prosecution claim under § 1983 premised on a violation of the Fourth Amendment, a plaintiff must prove that:

> (1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute;
> (2) there was no probable cause for the criminal prosecution;
> (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and
> (4) the criminal proceeding was resolved in the plaintiff's favor.

*Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015). "The prototypical case of malicious prosecution involves an official who fabricates evidence that leads to the wrongful arrest or indictment of an innocent person." *Mills v. Barnard*, 869 F.3d 473, 480 (6th Cir. 2017). Thus, "[a] police officer can be found liable for malicious prosecution when he knowingly submits false information to the prosecutor that formed the basis of the charging decision." *Shaw v. City of Ferndale*, No. 18-12973, 2020 WL 1324032, at *7 (E.D. Mich. Mar. 20, 2020) (citing *Sykes v. Anderson*, 625 F.3d 294, 315–16 (6th Cir. 2010)). "[M]ere participation in an arrest is not sufficient to support a malicious prosecution claim against an officer where the officer did not knowingly lie, either in support of the arrest or in support of the prosecution." *Clark v. City of Memphis*, No. 18-02676, 2021 WL 2212061, at *5 (W.D. Tenn. June 1, 2021) (citing *Meeks v. City of Detroit*, 220 F. Supp. 3d 832, 839–41 (E.D. Mich. 2016)).

In support of his claim, Wadsworth states, "Defendants initiated criminal prosecutions without probable cause, causing an unreasonable seizure and restraint on [his] liberty under the Fourth Amendment" and that "[a]ll five criminal matters

terminated in [his] favor on August 24, 2026." (ECF No. 1, PageID.9.) He repeats a similar refrain for each of the four misdemeanor incidents, stating that officers lacked probable cause to issue the citations. (*See id.* at PageID.2 ("Defendant Gentry lacked factual and legal probable cause to issue said citation); *id.* at PageID.3 ("Defendant Daoud issued this charge without probable cause that Plaintiff was committing trespass or unlawful loitering"); *id.* ("Defendant Tarraf issued these charges without probable cause and in direct retaliation for Plaintiff's exercise of First Amendment protected speech"); *id.* ("Defendant Nevels issued said citation without probable cause").)

But merely reciting the elements of the legal claim is not enough to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (internal citation omitted). There are no allegations as to what each Defendant did to make, influence, or participate in the charging decision; why there was no probable cause to issue the citations; or how the citations were resolved in his favor With nothing more than legal conclusions, Wadsworth has failed to state a claim for malicious prosecution.

**B. First Amendment Retaliation**

Next, Wadsworth alleges that Officer Tarraf retaliated against him in violation of the First Amendment. (ECF No. 1, PageID.5.)

The elements of a First Amendment Retaliation claim are:

(1) that [Plaintiff] was engaged in a constitutionally protected activity;

> (2) that the defendant's adverse action caused [him] to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and
> (3) that the adverse action was motivated at least in part as a response to the exercise of [his] constitutional rights.

*Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1048 (6th Cir. 2001).

In support of this claim, Wadsworth merely alleges that "Defendant Tarraf issued retaliatory charges (Disguising with Intent to Intimidate and Disobeying Lawful Order) in direct response to [his] exercise of protected speech, violating the First Amendment." (ECF No. 1, PageID.5.)

Once again, Wadsworth has asserted only legal conclusions, not factual allegations that state a plausible claim of First Amendment Retaliation.

### C. *Monell* Claim

Wadsworth asserts a *Monell* claim against the City of Detroit, alleging that the City "maintained unconstitutional policies, customs, and inadequate training/supervision that allowed officers to repeatedly issue pretextual misdemeanor citations without probable cause, causing repeated Fourth Amendment deprivations." (*Id.*)

Once again, with only legal conclusions, Wadsworth has not stated a *Monell* claim. *See Herris v. Andrew*, No. 23-1811, 2024 WL 3937062, at *3 (N.D. Ohio Aug. 26, 2024) ("In the Complaint's single sentence concerning the City's liability, Plaintiff merely recites the essential element of a *Monell* claim and thus fails to state this claim with the particularity required by *Iqbal* and *Twombly*."); *Poronto v. Hoist*, No. 24-10522, 2025 WL 3757802, at *5 (E.D. Mich. Dec. 29, 2025) ("Since this assertion

'is just a formulaic recitation of the elements of a *Monell* claim' it cannot by itself 'state a plausible claim for relief.'") (quoting *Martinez v. Wayne County*, 142 F.4th 828, 845 (6th Cir. 2025)).

**D. State Law Claims**

All that remains are two Michigan common law claims: malicious prosecution and State Law Abuse of Process. (ECF No. 1, PageID.5.)

District courts have discretion to decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). With all federal claims dismissed, the Court declines to exercise supplemental jurisdiction over Wadsworth's state law claims. Therefore, the Court dismisses those claims without prejudice.*See, e.g.*, *Rahaman v. Bagley*, Nos. 25-1793/1851, 2026 U.S. App. LEXIS 13580, at *9 (6th Cir. May 11, 2026) ("[W]hen a district court dismisses the plaintiff's federal claims before trial, the preferred practice is for the court to decline supplemental jurisdiction over any state-law claims and dismiss them without prejudice." (citing *Hester v. Chester County*, 162 F.4th 780, 790 (6th Cir. 2025)).

**III.**

The Court observes that Wadsworth has filed many lawsuits in this District over the years that have all been summarily dismissed. *See Wadsworth v. City of Highland Park*, No. 26-13415 (E.D. Mich. Sept. 9, 2026), ECF No. 9 (McMillion, J); *Wadsworth v. Comerica Incorporated*, No. 25-10368 (E.D. Mich. June 18, 2025), ECF No. 8 (Hood, J); *Wadsworth v. Detroit Water and Sewage Department*, No. 25-10367

(E.D. Mich. Feb. 18, 2025), ECF No. 6 (Behm, J); *Wadsworth v. DTE Energy*, No. 25-10798 (E.D. Mich. April 17, 2025), ECF No. 9 (Kumar, J); *Wadsworth v. United States*, No. 24-13419 (E.D. Mich. Feb. 5, 2025), ECF No. 10 (Hood, J); *Wadsworth v. Ackert*, No. 25-10366 (E.D. Mich. Feb. 12, 2025), ECF No. 4 (Parker, J).

Based on this vexatious litigation history, the Court cautions Wadsworth that continuing to file frivolous lawsuits may result in sanctions.

**IV.**

Accordingly, Wadsworth's application to proceed without prepayment of the filing fee and costs is GRANTED (ECF No. 2), and his complaint is SUMMARILY DISMISSED (ECF No. 1).

IT IS SO ORDERED.

Dated: October 15, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE